UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 25-11791 FMO (SKx)** | Date | **August 17, 2026** |
| Title | **Whaeed A. Khan, et al. v. General Motors, LLC** | | |

| | |
|---|---|
| Present: The Honorable | Fernando M. Olguin, United States District Judge |

| | | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorney Present for Plaintiff: | Attorney Present for Defendant: |
| None Present | None Present |

**Proceedings: (In Chambers) Order Remanding Action**

On January 24, 2025, Whaeed A. Khan and Natasha Khan (collectively, "plaintiffs") filed a complaint in the Los Angeles County Superior Court ("state court") against General Motors, LLC ("defendant") and Westrup/Sadler Inc., and on April 3, 2025, they filed a First Amended Complaint ("FAC"), which dismissed Westrup/Sadler. (See Dkt. 1, Notice of Removal ("NOR") at 1-2). The FAC asserts claims pursuant to the California Song-Beverly Consumer Warranty Act, ("Song-Beverly Act"), Cal. Civ. Code §§ 1790, et seq.; the California Consumer Legal Remedies Act, ("CLRA"), Cal. Civ. Code §§ 1750, et seq.; and the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301, et seq. (Dkt. 1-1, FAC at ¶¶ 8-44, 62-71). Plaintiffs also assert a claim under the Uniform Commercial Code. (See id. at ¶¶ 45-61). On June 26, 2025, plaintiffs dismissed several claims, leaving only the claims based on the MMWA and the Uniform Commercial Code. (See Dkt. 1, NOR at 2); (Dkt. 1-2, Request for Dismissal). Plaintiffs' claims arise from their purchase of a 2017 GMC Sierra in December 2016, (see Dkt. 1-1, FAC at ¶¶ 6, 9), which they allege "manifested defects" including, but not limited to, a "brake system defect." (See id. at ¶ 12). The FAC seeks, among other things: (1) damages; (2) restitution; (3) "remedies authorized by California Commercial Code [§§] 2711, 2712, and/or 2713;" and (4) attorney's fees. (See id. at Prayer).

On June 20, 2025, defendant filed its Answer to the FAC in state court, (see Dkt. 1, NOR at 2), and, nearly six months later, on December 12, 2025, it removed the action on the basis of diversity and federal question jurisdiction. (See id. at 3-5). Defendant alleges that removal is timely because the Complaint is "ambiguous as to the amount in controversy and Plaintiffs' state of citizenship[,]" (id. at 2), and claims that, "[i]n the last 30 days, [it], through counsel, conducted a preliminary investigation and determined that Plaintiffs' citizenship and the reasonable, non-speculative estimation of the amount in controversy placed at issue through Plaintiffs' allegations plausibly give rise to subject matter jurisdiction under both federal question and diversity jurisdiction." (Id.).

Having reviewed the pleadings and the briefing filed with respect to plaintiffs' Motion to Remand (Dkt. 17, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; L. R. 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 25-11791 FMO (SKx)** | Date | **August 17, 2026** |
| Title | **Whaeed A. Khan, et al. v. General Motors, LLC** | | |

Cir. 2001), and concludes as follows.

## DISCUSSION

Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569-70 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501, 126 S.Ct. 1235, 1237 (2006). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.") (footnote omitted); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction "either by motion or sua sponte").

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1] See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Here, defendant removed the action based on diversity and federal-question grounds, (see Dkt. 1, NOR at 3), and contends that it has satisfied the amount in controversy requirement under 28 U.S.C. § 1332 and the MMWA. (See id. at 4-5). Defendant claims an "estimated purchase price" of the subject vehicle of $61,890, and that its "preliminary investigation yielded an amount in controversy in excess of both the $50,000.00 and $75,000.00 thresholds[,]" when accounting for, among other things, the estimated market value of the vehicle at the time plaintiffs learned of the alleged defect, and attorney's fees. (See id.). Defendant, however, did not indicate how it arrived at the amount in controversy, including what amount was attributed to attorney's fees.

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

(See, generally, id. at 4-5, 7-8).

Defendant contends that based on its investigation and defendant's counsel's "experience with purchase contracts for similar vehicles, it is reasonable to assume that the purchase contract included average financing terms, resulting in a nonspeculative estimated total purchase price of $61,890." (Dkt. 22, Defendant's Opposition to Motion for Remand ("Opp.") at 5-6). But even after conducting its investigation, (see Dkt. 1, NOR at 2), perhaps even two investigations, (see Dkt. 22, Opp. at 5), defendant does not truly explain how it arrived at the $61,890 purchase price outside of counsel's apparent experience.[2] (See, generally, Dkt. 22, Opp. at 5-6). In the face of a motion to remand challenging the amount in controversy, more is required.

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has met its burden of showing by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. See Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnote omitted); Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004) ("Since it was not facially evident from the complaint that more than $75,000 was in controversy, [defendant] should have proven, by a preponderance of the evidence, that the amount in controversy met the jurisdictional threshold.") (cleaned up). Accordingly, IT IS ORDERED THAT:

1. Plaintiffs' Motion to Remand **(Document No. 17)** is **granted**.

2. The above-referenced action shall be **remanded** to the Superior Court of the State of

[2] Defendant also contends that when $33,300 in fees and $9,500 in costs are added, the amount in controversy exceeds $50,000. (See id. at 7). However, the fees and costs relied upon by defendant, (see id.), are too speculative to be included in the amount in controversy. (See, generally, id.); see Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 795 (9th Cir. 2018) (observing that "district courts are well equipped to determine whether defendants have carried their burden of proving future attorneys' fees, and to determine when a fee estimate is too speculative"); id. ("[W]e require a removing defendant to prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence. We also require the defendant to make this showing with summary-judgment-type evidence. . . . A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof.") (internal citation omitted); see, e.g., Steeg v. Ford Motor Co., 2020 WL 2121508, *5 (N.D. Cal. 2020) (excluding asserted attorney's fees in amount in controversy determination where defendant "failed to substantiate any specific amount in potential attorney's fees by a preponderance of the evidence").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 25-11791 FMO (SKx)** | Date | **August 17, 2026** |
| Title | **Whaeed A. Khan, et al. v. General Motors, LLC** | | |

California, County of Los Angeles, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

3. The Clerk shall send a certified copy of this Order to the state court.

4. Any pending motion is denied as moot.

00 : 00

Initials of Preparer vdr